# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULA KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:17-cv-355 |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | |
| TPUSA, INC., and CONTACTUS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RICHARD GERALD FRYE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-358 |
| | ) | District Judge Nora Barry Fischer |
| v. | ) | |
| | ) | |
| TPUSA, INC., and CONTACTUS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GINA MACZKO, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-359 |
| | ) | District Judge Nora Barry Fischer |
| v. | ) | |
| | ) | |
| TPUSA, INC., and CONTACTUS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ELIZABETH KEEFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:17-cv-360 |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | |
| TPUSA, INC., and CONTACTUS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DENISE FAFALIOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:17-cv-1118 |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | |
| TPUSA, INC., and CONTACTUS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SUSAN CATON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-1119 |
| | ) | District Judge Nora Barry Fischer |
| v. | ) | |
| | ) | |
| TPUSA, INC., and CONTACTUS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 8th day of February, 2018, upon consideration of the Court's Orders to Show Cause dated January 31, 2018 in each of the above-listed cases, TPUSA, Inc.'s ("TPUSA") amended cross-claims filed on February 6, 2018 in response to same, as well as the Transition Agreement and the letters from June 9, 2016 and October 7, 2016 referenced therein which counsel for TPUSA subsequently provided to the Court,

IT IS HEREBY ORDERED that TPUSA's amended cross-claims are dismissed, without prejudice, as TPUSA has failed to set forth that the Court has original subject matter jurisdiction to hear said claims under 28 U.S.C. § 1332 and the Court declines to exercise supplemental jurisdiction over same pursuant to 28 U.S.C. § 1367(c).

IT IS FURTHER ORDERED that the Telephone Conferences scheduled for February 9, 2018 at 9:30 a.m. are **CANCELLED**.

In so holding, the Court notes that on January 23, 2018, the parties resolved the Plaintiffs' claims, which invoked the Court's federal question subject matter jurisdiction under 28 U.S.C. §1331, in each of the six above-captioned cases after attending a global settlement conference with United States Magistrate Judge Robert C. Mitchell. *See* (Minute Entry from 1/23/18). However, TPUSA's cross-claims against ContactUs for indemnification under state law were not resolved. (*Id.*). TPUSA has filed six separate cross-claims against ContactUS in each of these cases. (Civil Action Nos. 17-355, 17-358, 17-359, 17-360, 17-1118, 17-1119).

In its January 31, 2018 Order, the Court explained that it is not inclined to exercise supplemental jurisdiction over any cross-claims under 28 U.S.C. § 1367(c) to the extent that there is no independent basis for original jurisdiction. *See Flanders v. Dzugan*, 156 F.Supp.3d 648, 683 (W.D. Pa. 2016); *see also Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, 1995 WL 686030, *1 (E.D. Pa. 1995) (declining to exercise supplemental jurisdiction over the remaining state law cross-claims after the parties settled the plaintiff's federal claims). As such, the Court issued a rule to Show Cause upon TPUSA to demonstrate why the Court has original subject matter jurisdiction to hear the remaining cross-claims, given that the pleadings did not set forth sufficient factual allegations demonstrating same.

On February 6, 2018, TPUSA filed a consolidated amended cross-claim against ContactUs in each of the above-captioned cases, as opposed to the six separate cross-claims it had previously filed. Therein, TPUSA asserts that ContactUS is contractually obligated to indemnify it for "attorneys' fees, costs, and other litigations expenses it has incurred and continues to incur in the above-captioned lawsuits." (Am. Cross-Claims at ¶ 6). Regarding diversity of citizenship between the parties, TPUSA alleges that it is a Delaware corporation with its principal place of business in Utah and that ContactUS is an Ohio registered limited liability company, which "[u]pon

3

information and belief (and based upon the representations of counsel for ContactUs)" is composed only of members that reside in Ohio. (*Id.* at ¶¶ 3-5). *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (the citizenship of an unincorporated association such as an LLC is not determined by its principal place of business but instead by the citizenship of all of its members). The Court questions why the allegations relating to the citizenship of ContactUS's members remain vague and conclusory despite the parties having fully completed fact discovery in four of the six cases. In any event, TPUSA's amended cross-claims fail to allege sufficient facts regarding the amount in controversy requirement of 28 U.S.C. § 1332(a).

In order to satisfy § 1332(a), "the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs." *Id.* As the party invoking diversity jurisdiction, TPUSA bears the burden to establishing that the amount in controversy exceeds $75,000. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506-07 (3d Cir. 2014). This is not an onerous burden for a party to meet and the Court conducts "only minimal scrutiny" of the claims. *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). "In making that assessment, the temporal focus of the court's evaluation is on the time that the [suit] was filed." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 368, 395 (3d Cir. 2016) (internal marks, alterations, and citations omitted). Importantly, "later events can[not] increase the amount in controversy and give rise to jurisdiction that did not properly exist in the time of the [suit's] filing." *Id.* at 396.

Here, in the first four cases, the Plaintiffs filed their complaints in March 2017 and TPUSA filed its cross-claims on April 28, 2017. (Civil Action Nos. 17-355; 17-358; 17-359; 17-360). In the remaining two cases, the Plaintiffs filed their complaints in August 2017 and TPUSA filed its cross-claims on October 19, 2017. *See* (Civil Action Nos. 17-1118; 17-1119). Yet, TPUSA now erroneously seeks to establish the amount in controversy by combining the costs and expenses of defending *all* of these separate cases as of the time it filed the amended cross-claims; that is, February 6, 2018. (Am. Cross-Claims at ¶ 7). Nothing in the amended cross-claims suggests, however, that TPUSA was expected to exceed $75,000 in defending *each* of these six cases at the time they were initiated. *See Auto-Owners*, 835 F.3d at 396-97 & n. 11 (explaining that the expected cost of defense, as determined by the date the action is filed, is properly included in the amount in controversy analysis, under certain circumstances). In fact, the letters referenced in paragraphs 21 and 22 of the amended cross-claims, which the Court obtained from counsel, strongly suggest that the jurisdictional amount was not satisfied at the time of filing, since the October 2016 letter states that around that time, TPUSA's expenses from defending three of the six cases only "exceed[ed] $10,000." (Am. Cross-Claims at ¶¶ 21, 22).

While the Court is mindful that this is not an onerous burden to meet, *Suber*, 104 F.3d at 583, TPUSA has failed to plead any information for the Court to conclude that it has satisfied § 1332(a)'s amount in controversy requirement. *Auto-Owners*, 835 F.3d at 396. As explained, it is of no consequence that TPUSA subsequently exceeded that amount during the course of these proceedings. *Id.* Therefore, TPUSA has failed to establish that the Court has original subject matter jurisdiction over TPUSA's remaining cross-claims, and the Court declines to exercise supplemental jurisdiction over same under § 1367(c). *Flanders*, 156 F.Supp.3d at 683; *Circuit City*, 1995 WL 686030 at *1. Accordingly, the Court will dismiss TPUSA's cross-claims, without

5

prejudice, and separately enter administrative closeout orders given the settlement of Plaintiffs' claims.[1]

>                                          */s/ Nora Barry Fischer*
>                                          Nora Barry Fischer
>                                          United States District Judge

cc/ecf: All counsel of record.

---

[1] The Court recognizes that TPUSA could attempt to cure its jurisdictional defects with respect to the amount in controversy requirement by refiling its cross-claim against ContactUS as a new cause of action to recover the total costs of defending all six cases pursuant to the Termination Agreement. Because that matter is not before the Court, the Court expresses no opinion as to whether there would be subject matter jurisdiction in that event. Nevertheless, beyond the jurisdictional issue, it appears that venue is not appropriate in this District. Having now obtained and reviewed the Transition Agreement, the Court points out that § 6.4 contains the following forum-selection clause:

> The parties hereby each irrevocably submit and consent to the exclusive jurisdiction of either the United States District Court for the Southern District of New York of the Supreme Court of the States of New York in and for the County of New York, as may be appropriate, for the purpose of any action or proceeding brought by either party in connection with Agreement.

As explained by our Supreme Court: "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct.*, --- U.S. ---, 134 S. Ct. 568, 581 (2013). Thus, if TPUSA were to initiate a new case in this Court against ContactUS reasserting an indemnity claim pursuant to this Transition Agreement, the Court would be inclined to transfer it to the United States District Court for the Southern District of New York in accordance with the parties' forum-selection clause therein. *See, e.g., Caballero v. Healthcare Res., Inc.*, 2017 WL 2909693 (W.D. Pa. 2017); *M&M Creative Laminates, Inc. v. Cambria Co., LLC*, 2017 WL 3238126 (W.D. Pa. 2017).